UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LUKE WEBER,<br><br>        Plaintiff,<br>vs.<br><br>GRANT WOOD AREA AGENCY, et. al.,<br><br>        Defendants. | No. 15 cv 18 EJM<br><br>ORDER |

This matter is before the court on plaintiff's resisted motion for default, filed April 10, 2015, and defendants' partially resisted motion to dismiss, filed March 12, 2015. Motion for default denied. Motion to dismiss granted in part. Case remanded.

Plaintiff, an employee of defendant, filed this five count action alleging discrimination and retaliation. Jurisdiction is under 28 U.S.C. §1331.

Plaintiff filed a charge of discrimination with the Iowa Civil Rights Commission (ICRC) against defendant agency on June 18, 2014, primarily alleging retaliation for having filed a workers' compensation claim. The ICRC did not accept the claim, noting lack of jurisdiction. Plaintiff then received a Right to Sue letter, and filed a five count action in state court, on February 2, 2015. Defendant removed on February 13, 2015.

Plaintiff's motion for default alleges that although defendant filed its motion to dismiss, it did not file an answer, which failure results in default. Under F.R.Civ.P. 12 and 81, defendant is allowed to file either an answer or a motion to dismiss, and is not required to file both.

Regarding defendants' motion to dismiss under F.R.C.P. 12(b)(6), the court will "accept as true all of the factual allegations contained in the Complaint," and will draw "all

reasonable inferences...in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009).

The five counts are under: (I) Americans with Disabilities Act, (II) Iowa Civil Rights Act, (III) Iowa Code § 85.18 (wrongful discharge in violation of public policy), (IV) negligent supervision of employees, and (V) tortious interference with business relationship. Defendants move to dismiss all counts.

Plaintiff "concedes that the claims for discrimination under the ADA and the ICRA were prematurely filed for the Plaintiff's failure to exhaust appropriate administrative remedies prior to suit." Counts I and II are dismissed.

Count I is the only count containing a federal question under 28 U.S.C. § 1331. The remaining counts are state law counts.

It is therefore

ORDERED

Motion for default denied. Counts I and II dismissed without prejudice. Case remanded.

May 20, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT